■ FRANK SKALKO, Appellant, v THOMAS V. BARRETT, Doing Business as JOHN J. BARRETT & SON, et al., Defendants, and JAMES E. COREY, JR., Doing Business as COREY & COREY FUNERAL HOME, Respondent.—Order and judgment (two papers), Supreme Court, New York County, entered October 6, 1977 and February 28, 1978, respectively, granting summary judgment to the defendant, unanimously modified, on the law, to the extent of denying summary judgment as to the first, second, and fourth causes of action and merging all into one cause of action for conversion, including therein punitive damages as an element of damages, severing the action as to the third cause, and otherwise affirmed, with one bill of costs to plaintiff. Frank Skalko's wife, Ivanica, was buried in St. Mary's Cemetery in Rahway, New Jersey, in September, 1971. The funeral was arranged by Thomas V. Barrett, doing business as John J. Barrett & Son. This included preparing the body for burial and furnishing a waterproof casket. It was intended that the body would eventually be disinterred and reburied in Olib, Yugoslavia. In 1973, James E. Corey, Jr., doing business as Corey & Corey Funeral Home, was retained to perform the disinterment. When the body reached Yugoslavia, Frank Skalko discovered that in place of the original expensive casket which he purchased, the body was in a "Ziegler" utility case, an inexpensive tin casket. An inquest was held at the grave site by order of the local Yugoslavian municipal court, and the body was determined to be in good condition "without progressing rotteness *[sic]*/decomposition/changes." Skalko sued Barrett for breach of warranty for failure to provide a water-proof airtight casket and sued others involved in the initial interment and the subsequent disinterment. The defendants all moved for summary judgment in their favor. Special Term granted the motion. Plaintiff has appealed only from so much of the order of Special Term which granted summary judgment in favor of James E. Corey, Jr., doing business as Corey & Corey Funeral Home.* The first two causes of action alleged against Corey claim conversion of the original coffin and seek damages for the conversion and for the emotional harm to plaintiff. The third cause of action is for over-charges and deceptive billing resulting in $452.48 in damages. The fourth cause of action alleges a claim for punitive damages. The plaintiff contends that the body and coffin were in good condition and that the defendant converted the coffin to its own use. The defendant contends that no conver-

---

* Any further legal action against other named defendants was discontinued pursuant to stipulations signed on February 10, February 14, and May 10, 1978.

sion took place. It is urged that at disinterment the coffin was in a totally deteriorated condition and that was why it was replaced with the "Ziegler" box. We are in agreement with Special Term that summary judgment on the third cause of action was proper, since that claim has already been settled administratively. However, there is an issue of fact extant which bars the granting of summary judgment; namely, whether the body and the original casket were in good condition at disinterment. In the event the plaintiff can prove a conversion and attendant emotional harm, he will also be entitled to seek punitive damages therefor. Concur—Kupferman, J. P., Sullivan, Lane, Markewich and Lupiano, JJ.